[Criminal No. 820.   Filed April 8, 1935.]

[43 Pac. (2d) 203.]

GEORGIE BAUER and DICK JONES, Appellants, v. STATE OF ARIZONA, Respondent.

Mr. Isaac Barth, for Appellants.

Mr. John L. Sullivan, Attorney General, and Mr. W. Francis Wilson, Assistant Attorney General, for Respondent.

McALISTER, J.—Georgie Bauer and Dick Jones were convicted of the crime of robbery and given an indeterminate sentence in the state prison, and they have appealed from the judgment of guilty and the order denying them a new trial.

The testimony discloses that on the afternoon of August 20, 1934, the defendants and a Mr. and Mrs. Crowe drove in the latters' car from Flagstaff to Prescott where they arrived about 9 or 10 o'clock in the evening. As they were driving north on Monte-

zuma Street, in front of the Palace Restaurant, the defendant Bauer asked the driver to stop, stating that she saw a friend to whom she wished to speak. She went over to the sidewalk and greeted George T. Foreman, an old man, seventy-eight years of age, as he was starting north across Gurley Street from the St. Michael Hotel. They walked on together and as they reached the Owl Drug Store corner she asked him for some money, stating that she needed it to pay for gasoline and oil on their trip back to Flagstaff, and he replied that he had no money to give her.

At this point the stories of Foreman and the defendant Bauer diverge, the former's version of the affair being substantially as hereafter stated. They went north on Montezuma Street and, as they reached a point a little below the Owl Drug Store defendant Bauer put her hand in his pocket, pulled out his purse and tried to take it away from him. He held on to it, however, as she was jerking at it and as they were scrambling over it he said to Dick Jones, who had come up close to them, "Will you help me here to take this woman away, she is trying to rob me?" He testified further:

"I still had ahold of the purse and she was jerking on the purse, and he kind of pulled me back and tore my coat and by that time Georgie had got the purse away from me, and he struck me under the chin and at that time we was in the gutter then and I stepped up on the sidewalk and he ran down the street, and there was another woman in the car and he told her to drive on. Georgie came back and gave me the seventy-five cents back. I had four dollars and seventy-five cents. She got four dollars and she gave me—four dollars and seventy-five cents I had in the purse and she gave me back seventy-five cents and the purse."

He stated that she got in the car and drove away and that the clasps on his purse were torn off in the scuffle.

Jack Edwards, a taxi driver, sitting in his car in front of the Owl Drug Store, saw Foreman and the defendant Bauer walk down the street and a few moments later heard him say, ''Help, help, I am being robbed.'' He jumped out of his car, ran to where they were and as he got there Dick Jones, who was wrestling with Foreman against the curb in the ditch, gave him a swing and threw him over on the sidewalk, where he sat until another man picked him up. After doing this Jones ran down the street and the woman jumped into the back end of the car and it pulled out.

A witness by the name of George Gerke testified substantially to the same things as Edwards, though he stated in addition that he saw Miss Bauer step from the car and throw a purse over on the sidewalk.

The version of the affair given by the defendant, Georgie Bauer, a young woman about twenty years of age, who was born and reared in Prescott, was substantially this: That she had been a sporting woman for two years and prior to her going to Flagstaff in May, George Foreman had had sexual relations with her on several occasions and that he was indebted to her therefor in the sum of six dollars; that when she saw him on the street on the evening of August 20th, she left the car to speak to him about it and that after greeting each other and walking across the street together she asked him to pay her the six dollars and he replied that he had no money. She told him she had come down from Flagstaff with some folks and was going back that night and that it took quite a bit to buy gas. He stated that if she really needed money he had two dollars, whereupon she said that

if that was all he could pay maybe it would help out a little. He then took out his purse, handed her two dollars and put it back in his pocket. There was, according to her testimony, no scuffle whatever between her and Foreman but a voluntary payment by him to her of two dollars. Neither was there any scuffle between the defendant, Dick Jones, and Foreman, and her statement relative to scuffling was corroborated by the testimony of the three persons who came from Flagstaff with her.

■ The first assignment urged is that the verdict was contrary to law, in that the evidence discloses that if appellants were guilty of any offense at all it was larceny and not robbery, for the reason that it does not establish that the taking of the money was "accomplished by means of force or fear." "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear" (section 4602, Rev. Code 1928), and the contention of appellants is perhaps correct so far as the element of fear is concerned, but it is perfectly clear that it is without merit as applied to the element of force. After appellant Bauer had pulled the purse from his pocket, Foreman took hold of it and there was a struggle between them for possession of it. In fact, she did not succeed in wresting it from him at all until appellant Jones came to her rescue and drew Foreman back, tearing his coat. Such being the facts, the statement in *Lear* v. *State,* 39 Ariz. 313, 6 Pac. (2d) 426, relied on by appellants, that the mere snatching of a bag of silver from another as he was unrolling it did not constitute the force required in robbery, has no application. If, after taking the purse from the pocket, appellant

had gone away with it before Foreman took hold of it, that principle might be applicable, because it is the holding of the courts generally "that it is not robbery to merely snatch from the hand or person of another, or to surreptitiously take from another's pocket, money or some other thing of value," since in such taking the element of neither force nor fear is present. *State* v. *Parsons,* 44 Wash. 299, 87 Pac. 349, 120 Am. St. Rep. 1003, 12 Ann. Cas. 61, 7 L. R. A. (N. S.) 566. However, even though the snatching of a thing is not looked upon as a taking by force, it is otherwise where there is a struggle to keep it. Wharton's Criminal Law, 11th ed., vol. 2, p. 1297.

It is next contended that the evidence establishes the fact that appellant Bauer took the four dollars from Foreman openly, against his will, and in a *bona fide* attempt to collect a debt due from him to her, and, this being true, that the court erred in depriving the jury, by the following instruction, of the right to consider the good faith of her claim:

"You are instructed that whether or not George T. Foreman had sexual intercourse with Georgie Bauer, and whether or not he owed her money for that or any other reason, it would not justify her or her co-defendant in taking money from him forcibly and against his will, and if you are satisfied beyond a reasonable doubt that Georgie Bauer took four dollars or any sum of money from the possession of the said George Foreman against his will by means of force you will find her guilty, and if you are satisfied beyond a reasonable doubt that Dick Jones aided, assisted or abetted the said Georgie Bauer in such taking by means of force you will find him guilty."

■■ The general rule is, it is true, that a charge of robbery fails where the attempt is to collect a *bona fide* debt, since, to constitute that offense, there must be an *animus furandi* and this cannot exist if the per-

son takes the property under a *bona fide* claim of right, but the appellants have not brought themselves within the protection of this principle. Their whole defense was that they did not rob Foreman or take the money from him by force, but that he gave appellant Bauer the sum of two dollars upon her representation that she was greatly in need of it. She could not defend by denying that she took the money by force and in her brief assume the position that she took it forcibly in the belief that she had a right to satisfy an honest claim in that way. If she had admitted upon the witness-stand that she took the money by force for the reason she urges here, the record would have presented the question whether her claim was *bona fide* and could be made the basis of a legal action, but since she did not do that it is clear that the instruction, "whether or not George T. Foreman had sexual intercourse with Georgie Bauer, and whether or not he owed her money for that or any other reason, it would not justify her or her co-defendant in taking money from him forcibly and against his will," was correct. In other words, even if the contention of appellant were conceded to be the law, there was no testimony upon which an instruction applying it could have been predicated.

Appellants argue, however, that the question was presented because the jury accepted the evidence of the state and believed the money was forcibly taken, and for this reason it was error to instruct that it was immaterial whether Foreman owed her money for any purpose. There was nothing in the state's evidence, any more than there was in that of the defense, that rendered the instruction inapplicable, for no part of the state's testimony indicated, directly

or indirectly, that the money was asked for or taken in an attempt to satisfy a debt.

No error appearing, the judgment is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.