429 P.2d 450

Kaye A. ELLEDGE, Appellant,

v.

Patricia V. BRAND, Appellee.

No. 8393.

Supreme Court of Arizona.

In Division.

June 22, 1967.

Lewis, Roca, Scoville, Beauchamp & Linton, by Roger W. Kaufman, Phoenix, for appellant.

Alan Philip Bayham, Phoenix, for appellee.

UDALL, Justice:

This is an action brought by Patricia Brand, against Kaye Elledge, for damages arising out of an alleged assault and battery. The plaintiff recovered a judgment of five hundred dollars compensatory damages and one thousand dollars punitive damages. Defendant's motion for judgment notwithstanding the verdict, or in the alternative for a new trial, was denied. Notice of appeal and cost bond on appeal were filed; this court taking jurisdiction pursuant to A.R.S. § 12–2101.

The facts involved here are as follows: The plaintiff went to a tavern called the Happy Landings at 11:00 p. m. one night

in June of 1957. She was accompanied by two friends. At the front entrance thereof plaintiff was met by one June Burnett, an employee of the tavern. The plaintiff was informed that her presence would not be acceptable to the management. Apparently the employee moved into the doorway denying plaintiff admission.

The plaintiff then went to a bar located across the street. There was evidence that she had something to drink there before returning to the Happy Landings. On her return she was again met by Miss Burnett. An argument ensued; then after being struck, or slipping in an attempt to strike Miss Burnett, plaintiff fell to the ground. She was taken to a hospital and treated for minor injuries, incurring hospital and medical expenses of approximately one hundred dollars.

Defendant in this action is Kaye Elledge the owner of the Happy Landings and employer of Miss Burnett. Plaintiff's theory in suing Miss Elledge for damages is not one of agency but instead is based on the doctrine of the defendant aiding and abetting Miss Burnett's alleged tort upon plaintiff. Counsel for plaintiff contends that it was Miss Burnett's attack on the plaintiff which resulted in plaintiff's injury, that Miss Elledge encouraged Miss Burnett by her remarks to customers to the effect that they should stay out of the difficulty for the reason that Miss Burnett would know how to handle the situation, and therefore Miss Elledge should be held responsible for the personal injuries suffered by plaintiff.

Counsel for defendant assigns as error the action of the trial court in admitting allegedly irrelevant, immaterial and highly prejudicial evidence consisting of a letter containing hearsay statements to the effect that defendant's bar catered to homosexuals. The admission of this evidence came about when certain records of the State Department of Liquor Licenses and Control were offered in evidence by the plaintiff. Counsel for the defense made objection to the admission of this evidence

on the grounds of irrelevance and immateriality. The trial court allowed the admission of this evidence over the defense objection. After the jury had been given access to these records defense counsel discovered that they contained a letter to the Department of Liquor Licenses and Control, which stated that defendant's tavern catered almost exclusively to homosexuals. On counsel's application, the court then removed this letter from the exhibit; but not before the letter had been shown to the jury.

Clearly these records had no relation to the alleged assault and battery. It is quite obvious that the sexual habits of the tavern's clientele are completely irrelevant to the issue of whether the owner of the tavern aided and abetted in an assault and battery.

At issue here is the existence of a legal wrong. The introduction of evidence or pursuit of a line of argument which has no bearing on the alleged wrong but which serves only to prejudice the jury is grounds for reversal. Sanchez v. Stremel, 95 Ariz. 392, 391 P.2d 557; Silver King of Arizona Mining Company v. Kendall, 23 Ariz. 39, 201 P. 102. In such a case we recognize that, even though objections are sustained against the use of such tactics, the situation resulting from the employment of those tactics may still be so prejudicial as to necessitate a new trial. Sanchez, supra.

Not only do we find that the admission of this evidence was improper and prejudicially so, but also we think that it is a specific instance of improper conduct by plaintiff's counsel indicative of a pattern of misconduct present throughout the trial of this cause.

A further example of this objectionable behavior are the following remarks made during his closing argument:

"Ladies and gentlemen, there's only one question that's here to decide here and that is what kind of a tavern, bars do we want in our community?"

**340**

These remarks were beyond the issues involved here and are therefore improper. Such an argument is clearly sufficient itself to necessitate the granting of a new trial. See Colfer v. Ballantyne, 89 Ariz. 408, 363 P.2d 588.

■ Other improper argument occurred in the opening remarks of plaintiff's counsel wherein repeated reference was made to prior financial dealings between plaintiff and defendant. Even after defense counsel pointed out that the litigation as to these financial dealings had been determined, plaintiff's counsel persisted in bringing in the plaintiff's viewpoint of that previous case, which had no proper place in this trial.

While it is impractical for us to attempt to assess the prejudicial effect which arises out of the aforementioned instances of the plaintiff's counsel's behavior, we find it is imperative that the defense be offered an opportunity for a trial free from the admission of irrelevant and highly prejudicial evidence, improper questions and remarks. For these reasons the judgment of the trial court is reversed with directions to grant defendant's motion for a new trial.

Reversed.

STRUCKMEYER and LOCKWOOD, JJ., concur.