623 P.2d 1251

**The STATE of Arizona, Appellee,**

v.

**Ernie L. BONSER, Appellant.**

**2 CA–CR 2136.**

Court of Appeals of Arizona, Division 2.

Jan. 29, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Marshall D. Tandy, Tucson, for appellant.

OPINION

HOWARD, Judge.

Appellant was convicted by the trial court, without a jury, of armed robbery in violation of A.R.S. Sec. 13–641 and Sec. 13–643.[1] He was sentenced to imprisonment for five years to five years and one day. The issue for determination on appeal is whether the trial court erred in finding that appellant collected an unliquidated debt by force thereby precluding his defense that he took the money under a bona fide claim of right.

The victim, a paraplegic, telephoned a prostitute, and agreed to pay her $50 per hour for her services which were to take place at his apartment. When he picked her up in a parking lot, he told her he only had $50 to spend and she agreed to accept that sum and leave his apartment whenever she wanted. He paid her in advance and they went to his apartment.

---

1. All references are to the statutes which were in existence prior to the revision of the criminal code on October 1, 1978.

After three hours, the prostitute prepared to leave and told the victim that he owed her an additional $100. She told him that if he didn't pay up she was going to call some friends of hers who were bikers and they would tear him apart. The victim tried to intimidate her by telling her that he was going to get his gun. In fact, he did not own a gun. The prostitute called appellant with whom she lived. He arrived wearing a pistol and was accompanied by a friend. Appellant demanded that the victim pay $150 more, then he said he would settle for $100 and threatened to break every bone in the victim's body if he did not pay. The victim gave appellant $40 in cash and, upon appellant's demand, gave him a check for $60. Appellant told the victim that he would "get" him or kill him if he stopped payment on the check or called the police and then left with his friend and the prostitute. Despite appellant's threats, the victim called the police and appellant was arrested.

 In spite of our criticism in *State v. Lewis*, 121 Ariz. 155, 589 P.2d 29 (App.1978) the rule in Arizona is that a charge of robbery fails where the attempt is to collect a bona fide debt, since, to constitute that offense, there must be an animus furandi and this cannot exist if the person takes the property under a bona fide claim of right. However, this rule does not apply where the amount claimed is unliquidated. *State v. Lewis*, supra. Assuming arguendo that the defense of collection of a bona fide debt is available to a person other than the creditor, it was not available here because the amount was in dispute and therefore, was unliquidated.[2]

We are unable to agree with appellant's contention that there was insufficient evidence to show intent to steal and that he was armed. The testimony of all the witnesses, including appellant himself, indicates that he was armed with a gun. The issue of his intent was a question for the trier of fact and the evidence supports the judgment.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

**2.** We need not decide whether it was the type of debt upon which one can base the defense asserted. See *Bauer v. State*, 45 Ariz. 358, 43 P.2d 203 (1935), a case involving a prostitute, where the court indicates that the claim must be bona fide and one which can be made the basis of a legal action. But see, *State v. Hardin*, 99 Ariz. 56, 406 P.2d 406 (1965) where the court allows the defense in a gambling case.

See Sec. 11–43, Tucson City Code, which prohibits prostitution and see Restatement of Contracts Sec. 589 (1932) which states that a bargain in consideration of illicit sexual intercourse or a promise thereof is illegal. A trier of fact could have found that the agreement between the parties was for only $50 thereby making it robbery to forcefully collect anything over that amount. However, the transcript shows the trial court decided the case on the basis that the debt was unliquidated.