786 P.2d 1035

**STATE of Arizona, Appellee,**

v.

**Robert Daniel WRIGHT, Appellant.**

**No. 1 CA–CR 88–549.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 24, 1989.

Reconsideration Denied Dec. 6, 1989.

Review Denied Feb. 26, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Kenneth D. Everett, Mohave County Public Defender by Michael J. Burke, Deputy Public Defender, Kingman, for appellant.

FIDEL, Judge.

Following a jury trial, defendant was convicted of aggravated assault, a dangerous offense, and sentenced to five years' imprisonment. We reverse because the trial court erroneously denied the defendant's request for a defense-of-a-third-person instruction.

We confine our recitation of the facts to those necessary to demonstrate the defendant's entitlement to the instruction that he sought. The defendant is entitled to such an instruction "whenever there is the slightest evidence of justification for the defensive act." *State v. Plew,* 150 Ariz. 75, 77, 722 P.2d 243, 245 (1986).

Defendant Wright and prosecuting witness Myrick fought at a Mohave County bar. The men were separated. Myrick was first to leave. Later, as defendant and his friend McGinnis rode homeward on horseback, they passed the place where Myrick lived. There they encountered Myrick and his Doberman pinscher. Words were exchanged; McGinnis dismounted; Myrick and McGinnis fought. ·For a while defendant watched from horseback, and Myrick's friend Jones held Myrick's dog. Ultimately defendant entered the fight. When it ended, Myrick bled from knife wounds, and defendant's knife lay on the ground.

At trial, each of the men testified, and their versions varied greatly. However, from disputed evidence, the jury might have found the following:

—that defendant saw something in Myrick's hand as Myrick struck McGinnis;

—that defendant yelled at Myrick to stop it, not to kill him (McGinnis), and rode closer to the fight;

—that Myrick turned, swung, and struck defendant's horse· in the neck with the object in his hand;

—that the horse reared and tossed defendant, after which defendant joined the fight;

—that defendant drew his knife and wounded Myrick;

—that another, unclaimed, knife was found at the scene by an investigating sheriff after the fight;

—that defendant's horse was found to have a neck wound that could have been caused by a knife;

—that McGinnis was found to have several wounds that could have been caused by a knife.

Certainly the jury could have made other findings and inferences than these. Yet these were within the realm of reason.

And they in turn permitted the further inferences that the second knife was Myrick's, that Myrick wielded it during the fight, and that the defendant acted under the reasonable apprehension that his intervention was immediately necessary to protect McGinnis against the deadly physical force of Myrick's knife.[1]

In *State v. Plew,* our supreme court stated:

The law in Arizona regarding self-defense is well-established. A self-defense instruction must be given if the accused can demonstrate that 1) he reasonably believed that he was in immediate physical danger; 2) he acted solely because of his belief; and 3) he used no more force than appeared reasonably necessary under the circumstances. *State v. Noriega,* 142 Ariz. 474, 482, 690 P.2d 775, 783 (1984). The defendant's own testimony can raise the inference of self-defense, *State v. Lujan,* 136 Ariz. 102, 104, 664 P.2d 646, 648 (1983), even if the evidence is in conflict on this issue. *State v. Noriega,* 142 Ariz. at 482, 690 P.2d at 783. Moreover, a defendant is entitled to a self-defense instruction "whenever there is the slightest evidence of justification for the defensive act." *State v. Bojorquez,* 138 Ariz. 495, 497, 675 P.2d 1314, 1316 (1984). *Accord, State v. Noriega,* 142 Ariz. at 482, 690 P.2d at 783; *State v. Lujan,* 136 Ariz. at 104, 664 P.2d at 648. The "slightest evidence" is that evidence "tending to prove a hostile demonstration, which may be reasonably regarded as placing the accused apparently in imminent danger of losing [his] life or sustaining great bodily harm...." *State v. Wallace,* 83 Ariz. 220, 223, 319 P.2d 529, 531 (1957).

150 Ariz. at 77, 722 P.2d at 245. Though the *Plew* court spoke of entitlement to a self-defense instruction, its words equally

---

1. A.R.S. § 13–406 states:

A person is justified in threatening or using physical force or deadly physical force against another to protect a third person if:

1. Under the circumstances as a reasonable person would believe them to be, such person would be justified under § 13–404 or 13–405 in threatening or using physical force or deadly physical force to protect himself against the unlawful physical force or deadly physical force a reasonable person would believe is threatening the third person he seeks to protect; and

2. A reasonable person would believe that such person's intervention is immediately necessary to protect the third person.

describe a defendant's entitlement to a defense-of-a-third-person instruction where the facts permit the inference that the defendant has acted under the reasonable apprehension of danger to a person other than himself.

The state points out that here the defendant claimed to remember nothing that happened after he was thrown from his horse and struck his head. Thus, he did not describe his state of mind at the time he intervened between Myrick and McGinnis. The state argues that this omission justifies the trial court's denial of the requested instruction. We disagree. In *State v. Plew*, the defendant professed to be "unsure of exactly what transpired," but denied shooting his victim or intending him any harm. Yet, in a record "more notable for its ambiguity than its clarity," *Id.* at 78, 722 P.2d at 246, the supreme court found that the defendant had presented the "requisite modicum of evidence" of self defense. *Id.*

We find that defendant Wright likewise presented the "requisite modicum of evidence" both as to self defense and defense of a third person. He was properly given a self-defense instruction, but improperly denied a defense-of-a-third-person instruction. The latter was highly material. The jury might have disbelieved that defendant entered the fight to save himself and yet believed that he entered it to save McGinnis. Its denial requires us to reverse.

Because we reverse on this ground, we need not reach other issues presented by defendant's appeal. We remand to the trial court for further proceedings.

GERBER and EUBANK, JJ., concur.