790 P.2d 281

**STATE of Arizona, Appellee,**

v.

**Dale Ira SCHAEFER, Appellant.**

**Nos. 1 CA–CR 88–382, 1 CA–CR 88–384.**

Court of Appeals of Arizona, Division 1.

Jan. 11, 1990.

Review Denied May 1, 1990.* .

---

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GERBER, Judge.

This case involves two appeals. Appellant Dale Ira Schaefer (defendant) appeals (1) from his conviction in Cause No. CR–87–09416 for unlawful flight from a law enforcement vehicle and from the sentence imposed, and (2) from his conviction in CR–87–10071 for armed robbery and from the sentence imposed. Cause No. CR–87–09416 and Cause No. CR–87–10071 were consolidated for sentencing purposes and for this appeal.

### I. Cause No. CR–87–09416

Defense counsel has not raised any issues on appeal for our consideration regarding CR–87–09416. We therefore have searched the record for fundamental error pursuant to A.R.S. § 13–4035.

By information filed October 27, 1987, defendant was charged with unlawful flight from a law enforcement vehicle, a class 5 felony in violation of A.R.S. §§ 28–622.01, –444 and –445.

On March 25, 1988, defendant entered into a written plea agreement to plead guilty to the charged offense. Additionally, defendant stipulated to the revocation of his driver's license. In return, the state agreed not to allege his prior felony convictions. In addition, the state agreed that his sentence in CR–87–09416 could be served concurrently with any sentence imposed in CR–87–10071. The agreement clearly set forth the minimum, presumptive, and maximum sentences which could be imposed—1, 2, and 2.5 years of imprisonment respec-

tively—and indicated that a maximum fine of $150,000 plus a 37% surcharge could be levied against defendant for each count of conviction.

On that same day, the trial court addressed defendant personally and determined that the plea was knowing, voluntary, intelligent, and had a factual basis. The trial court then accepted the plea.

After defendant waived applicable time limitations and preparation of a pre-sentence report, the trial court sentenced defendant to a term of imprisonment of 2 years concurrent to any sentence imposed in CR–87–10071. The trial court also ordered that defendant's driver's license be revoked.

Pursuant to A.R.S. § 13–4035, this court has fully reviewed the record in CR–89–09416 and finds no merit to the appeal. That conviction and sentence are affirmed. We proceed to the companion appeal.

## II. Cause No. CR–87–10071

Following a jury trial, defendant was convicted of armed robbery and sentenced to 10.5 years imprisonment. On appeal, he raises the following issues:

(1) Did the trial court err by refusing defendant's requested claim of right instruction?

(2) Did the trial court err by refusing defendant's requested stolen property instruction?

(3) Did the trial court err by refusing defendant's requested justification instruction?

(4) Did the trial court err by permitting the prosecutor to argue matters not in evidence?

(5) Is the record sufficiently complete to permit appellate review?

To answer these claims, we need to review the facts.

## FACTS

The facts taken in a light most favorable to sustaining the verdict are as follows. The victim, Charles Milton, borrowed a bicycle valued at $200 from his brother, who had bought the bicycle from a cousin for $20. The cousin had earlier purchased the bicycle at a yard sale for $25. On July 14, 1987, defendant approached Milton and claimed that Milton's bicycle was stolen from him approximately two years ago. During the course of this conversation, defendant exhibited a gun which he took from his back pocket. Although Milton protested that the bicycle belonged to his brother, he surrendered the bicycle to defendant. Milton contacted the police and they arrested defendant later that day.

## ANALYSIS

### 1. CLAIM OF RIGHT INSTRUCTION

At trial, defendant claimed the bicycle had been previously stolen from him and that he merely repossessed his own property. He requested the following instruction to support this defense:

Property taken by force under a claim of right of ownership is not robbery.

The trial court denied the instruction. Defendant now asserts that the claim of right defense is a valid defense under Arizona law and he therefore should have had an opportunity to present this theory to the jury.

The claim of right defense was first recognized long ago in Arizona by Bauer v. State, 45 Ariz. 358, 43 P.2d 203 (1935). That case was decided more than a half-century ago when self-help remedies were an accepted part of Arizona's frontier history and culture. It also predates the 1978 criminal code revisions. Today, remedies encouraging people to take the law into their own hands or to use violence or self-help are widely criticized. See State v. Lewis, 121 Ariz. 155, 589 P.2d 29 (App. 1978); Annot., Robbery—Intent to Collect Debt, 88 A.L.R.3d 1309. In State v. Lewis, Division Two of this court criticized the claim of right defense:

Since we are bound by the decisions of our Supreme Court ... we are constrained to follow the [claim of right] rule. We are not, however, precluded from criticizing it. In State v. Ortiz, 124 N.J.Super. 189, 305 A.2d 800 (1973), the

court, in commenting on the majority rule, stated:

> In our view, the proposition not only is lacking in sound reason and logic, but it is utterly incompatible with and has no place in an ordered and orderly society such as ours, which eschews self-help through violence.... 305 A.2d at 802.

121 Ariz. at 157, 589 P.2d at 31.

Despite this deserved criticism, to which we fully subscribe, the Supreme Court has not yet reconsidered the claim of right defense under the new criminal code. Division Two has acknowledged its use in three decisions after *Lewis.* *See State v. Flores,* 140 Ariz. 469, 682 P.2d 1136 (App.1984); *State v. Jahns,* 133 Ariz. 562, 653 P.2d 19 (App.1982); *State v. Bonser,* 128 Ariz. 95, 623 P.2d 1251 (App.1981).

The state asserts that the claim of right defense was abrogated by the 1978 robbery statute and that recent cases recognizing the claim of right defense did not consider the changes to the 1978 criminal code. The statute in question defines robbery as the taking of "property" of another. Property is defined as:

> [P]roperty in which any person other than the defendant has an interest which the defendant is not privileged to infringe, *including property in which the defendant also has an interest ...*

A.R.S. § 13–1801(A)(12) (emphasis added). The state argues that the claim of right defense has been implicitly abrogated because, under the highlighted language, the fact that one can now be charged with robbery for taking property in which one has an ownership interest means that one may *not* simply take one's own property from another under a claim of title.

■ The Arizona Supreme Court has not yet considered whether the claim of right defense as enunciated in *Bauer v. State* survived the enactment of the new criminal code. Division Two has also not considered the viability of the defense in light of the new criminal code. We are therefore constrained neither to follow *Bauer* nor Division Two's recognition of the claim of right defense. Instead, the language in A.R.S.

§ 13–1801(A)(12) which indicates that one can now be criminally charged with taking one's own property implicitly denies a claim of right defense. This language combined with the public policy reasons supporting the abolition of the claim of right defense reinforces the conclusion that the defense should be abrogated. From a policy standpoint, the claim of right defense remains anachronistic: it encourages disputants to resolve disputes on the streets through violence instead of through the judicial system.

In any event, in *Bauer v. State,* the court refused to apply the defense because the appellant admitted she did not use force when trying to reclaim her property. The court stated:

> Their whole defense was that they did not rob [the victim] or take the money from him by force, but that he gave appellant Bauer the sum of two dollars upon her representation that she was greatly in need of it. *She could not defend by denying that she took the money by force and in her brief assume the position that she took it forcibly in the belief that she had a right to satisfy an honest claim in that way. If [appellant] had admitted upon the witnessstand that she took the money by force for the reason [that she had an honest claim to it], the record would have presented the question whether her claim was bona fide and could be the basis of a legal action.*

45 Ariz. at 364, 43 P.2d at 205 (emphasis added). A defendant may not claim that he forcibly took property under a claim of right when he testifies that he did not take the property by the use of force. *Accord, Woratzeck v. Ricketts,* 859 F.2d 1559 (9th Cir.1988) (holding that the claim of right defense is unavailable to a defendant who claimed he did not take money by force).

In the present case, defendant testified that he did not point his gun at the victim but only showed the gun upon the victim's request, i.e., it had no coercive effect. During closing argument, defense counsel even portrayed the incident as if defendant placed the gun in the palm of his hand to

show that he did not mean to threaten Milton:

> [Milton] notices a gun. [Defendant] said "you seem nervous, is it this?" He then removed the gun and put it in the palm of his hand ... Mr. Milton's response was, "Nice gun." [Defendant] replaced the weapon on his hip. He did not point and say, "Give me the bicycle or I'll blow your head off." He didn't keep it in his hand or point it at him in a threatening manner. No. That's not what the testimony showed at all. He had it in his hand.

As in *Bauer*, this defendant claimed the bicycle was given to him not due to his use of force, but because the victim knew the property belonged to defendant. Defense counsel argued:

> There was no, "Oh my goodness, take the bicycle." There was no, "I'd better run inside before I get my head blown off." No, he came to the belief that what [Milton] had told him with regard to ownership of the bicycle could have been accurate because he knew the history behind the bicycle. He knew how the bicycle got into his family ...

> There was no threat, coercion, intimidation with intent to deprive another of [property] ... at best we have that night are two people claiming to own the same bicycle and after a discussion one of them surrenders the bicycle to the other one knowing the history of that bicycle.

Even if we recognized the viability of the claim of right defense, defendant was not entitled to a claim of right defense instruction because of the absence of force in his admitted version of the facts. The trial court did not err by refusing the instruction.

## 2. REQUESTED STOLEN PROPERTY INSTRUCTION

To support his claim of right defense, defendant attempted to prove that his brother and cousin knew that the bicycle had been stolen. Accordingly, defendant requested the following jury instruction:

> The purchase of property at a price substantially below its fair market value per-

mits a conclusion that the purchaser was aware of the risk that it had been stolen.

The trial court refused to give the instruction. Defendant now claims that this was error.

A defendant is entitled to jury instructions on any theory reasonably supported by the evidence. *State v. Lucas*, 146 Ariz. 597, 603, 708 P.2d 81, 87 (1985). Because we do not recognize the claim of right defense, the trial court did not err by refusing an instruction which could support this defense.

## 3. REQUESTED JUSTIFICATION INSTRUCTION

■ Defendant also requested the following instruction:

> If you decide that the defendant's conduct was justified, you must find the defendant not guilty of the crime of armed robbery.

The trial court refused to give this instruction. In *State v. Hunter*, 142 Ariz. 88, 688 P.2d 980 (1984), the Arizona Supreme Court held that giving a similar general instruction constituted fundamental error because it could confuse the jury as to the burden of proof regarding elements of justification. The omission of the requested instruction did not constitute error.

## 4. CLOSING ARGUMENTS

■ During his closing arguments, the prosecutor stated:

> It makes you think. Especially when you think in our community, we have right down in the Glendale community, we have Glendale Community College where individuals, the same age as Charles Milton, who's been riding a bicycle every day to get to classes ....

> An individual coming up to them like Mr. Schaefer, that's dangerous. That's very dangerous. What about children that are going on their bicycles and they came ...

> But even more so, if we take beyond the realm of children or students that this man's only means of transportation or those who deal only with this type of means of transportation an individual

has is very, very important to him getting back and forth to work. [sic] Defense counsel objected to these statements. The trial court "noted" the objections for the record without ruling on them.[1] Defendant claims on appeal that the prosecutor erred by arguing matters not in evidence and insinuating that defendant is a danger to children.

In reviewing allegations of trial counsel's misconduct based upon improper arguments to the jury, appellate courts grant reversals sparingly. *Grant v. Arizona Public Service Co.,* 133 Ariz. 475, 652 P.2d 548 (App.1981). Attorneys are given wide latitude in jury arguments. *State v. Zaragoza,* 135 Ariz. 63, 659 P.2d 22, *cert. denied,* 462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1356 (1983). However, the introduction of evidence or the pursuit of a line of argument without bearing on the alleged wrong which serves only to prejudice the jury requires reversal. *Elledge v. Brand,* 102 Ariz. 338, 429 P.2d 450 (1967).

Here, the prosecutor's closing arguments contain strange factual inaccuracies about geography. We cannot fathom why these statements were included in closing arguments. These inaccuracies, however, have nothing to do with the legal issues and could not have influenced the verdict. *See Anderson Aviation Co. v. Perez,* 19 Ariz. App. 422, 508 P.2d 87 (1973) (to warrant reversal, improper conduct of counsel must appear to have influenced verdict). The trial court's tolerance of the prosecutor's challenged comments constitutes at worst harmless error.

## 5. RECORD ON APPEAL

█ Defendant claims he is entitled to a new trial because the record is too incomplete to permit this court's consideration of his claims. Defendant specifically claims that (1) portions of the trial transcript are unclear, and (2) the record does not include two notes sent by the jury to the trial court during deliberations.

The only issues defendant raises on appeal concern jury instructions and closing arguments. The transcript and other documents presented to this court sufficiently convey the facts presented at trial, defendant's requested instructions, the instructions presented to the jury and the state's closing arguments. There is no impediment to effective appellate review of the issues he raises.

For the foregoing reasons, the conviction and sentence for armed robbery are affirmed.

EUBANK, J., concurs.

FIDEL, Judge, specially concurring:

I concur in all portions of the court's opinion save one. The majority holds, and I agree, that the claim of right defense has been abolished by A.R.S. § 13–1801(A)(12). The majority adds, however, that even if the defense survives, this defendant could not assert it because the claim of right defense is unavailable to a defendant who denies that he took property by force. Here I disagree.

If we are correct in holding the defense abolished, the point is academic in this case. Yet it has significance in the larger context of justification defenses as a whole. The law is fast eroding that required a defendant to admit the elements of a charged offense in order to defend on grounds of justification. *See Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988) (entrapment); *State v. Plew,* 150 Ariz. 75, 722 P.2d 243 (1986) (self defense); *State v. Wright,* 163 Ariz. 184, 786 P.2d 1035 (App.1989) (defense of a third person). This trend was recently discussed in *State v. Soule,* 164 Ariz. 165, 169, 791 P.2d 1048, 1052 (App.1989). I would extend it to all viable justification defenses. I agree, however, for reasons set forth by the majority, that the group of viable justification defenses no longer includes the claim of right.

---

1. Such "notations" neither inform trial counsel nor assist an appellate court in its review of the record. Objections should be overruled or sustained.