NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BOUDEWYN RONALD HANSS, *Appellant.*

No. 1 CA-CR 14-0244
FILED 5-7-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201301164
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele G. Ponce
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

### MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

¶1 Defendant Boudewyn Ronald Hanss appeals his conviction and resulting sentence for burglary in the third degree, a class four felony. Hanss argues that the court erred in denying his motion for judgment of acquittal because the State failed to present sufficient evidence to support his burglary conviction. Ariz. R. Crim. P. 20(a). For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2 On September 10, 2013, the owner of All American Towing discovered that someone had broken into the yard of his towing company and taken a green Chevrolet Blazer from a portion of the yard that was leased to S.M. S.M. was lawfully holding the truck for the Kingman Police Department on a thirty-day impound.

¶3 When Hanss was notified that his Blazer was missing, he told Officer Clancy that he believed the Blazer was at the tow yard, but if it was not there, "he did not know where it was." Two of his neighbors, however, flagged down and told Officer Clancy that Hanss had asked each of them for a ride to the towing company "to break out his vehicle." They also suggested the truck might be at the intersection of Sage and Calumet, "where [Hanss] always went and hung out at."

¶4 Officer Clancy continued his investigation and found the truck near Sage and Calumet, and the steering column was intact. The key S.M. had for the Blazer was still in a safe at his home. The Blazer was returned to S.M. and locked in the yard.

---

[1] We view the facts in the light most favorable to upholding the conviction. *State v. Lowery*, 230 Ariz. 536, 538, ¶ 2, 287 P.3d 830, 832 (App. 2012) (citation omitted).

¶5          Subsequently, one of the neighbors showed Officer Clancy a video of a recorded conversation with Hanss. The video showed "[Hanss] indicating how he had travelled to the area of All American Towing, cut the locks to the gate . . . and proceeded in to remove his vehicle; and then . . . both cutters were placed in a bush on the property."[2] After reviewing the video, Hanss was arrested.

¶6          Hanss was indicted for burglary in the third degree, false reporting to a law enforcement officer, and criminal damage. The case went to trial and, after the State rested, Hanss made a Rule 20 motion for judgment of acquittal. The court denied the motion.

¶7          The jury subsequently convicted Hanss as charged, and he was later sentenced to six years in prison and given 190 days of presentence incarceration credit. Hanss filed a timely notice of appeal.[3] We have jurisdiction over this appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -4033(A)(1).[4]

## DISCUSSION

¶8          Hanss contends that the trial court erred by denying his motion for judgment of acquittal. We review the court's ruling de novo. *See State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011).

¶9          Arizona Rule of Criminal Procedure 20(a) provides that on a defendant's motion or its own initiative, a trial court "shall enter a judgment of acquittal" before the verdict "if there is no substantial evidence to warrant a conviction." *Id.* at 561, ¶ 6, 250 P.3d at 1190 (internal quotation marks omitted). Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Id.* at 562, ¶ 16, 250 P.3d at 1191 (internal quotation marks omitted). In order for this court to "set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987).

---

[2] The police did not copy the video and did not take the phone. The video was later erased when the phone's owner upgraded its software.

[3] Hanss did not appeal his convictions or sentences for false reporting or criminal damage, both misdemeanors.

[4] We cite to the current version of the statute unless otherwise noted.

¶10 Hanss claims that the State failed to establish he intended to commit theft, a necessary factor for burglary, because the towing company operator did not have a property interest in the Blazer and he did not deprive that operator or business of any interest. We disagree.

¶11 Under Arizona law, a person commits a burglary in the third degree if they enter into a fenced commercial yard of another without permission and with the intent to commit any theft or any other felony. A.R.S. § 13-1506; *see State v. Hinden*, 224 Ariz. 508, 509-10, ¶ 7, 233 P.3d 621, 622-23 (App. 2010). A theft is committed if "without lawful authority, the person knowingly . . . [c]ontrols property of another with the intent to deprive the other person of such property[.]" A.R.S. § 13–1802(A)(1). And the theft statute applies to "property in which any person other than the defendant has an interest on which the defendant is not privileged to infringe, *including property in which the defendant also has an interest*." A.R.S. § 13–1801(13) (emphasis added); *see State v. Schaefer*, 163 Ariz. 626, 629-30, 790 P.2d 281, 284-85 (App. 1990) (noting that the statutory phrase "including property in which the defendant also has an interest" undercuts any defense that allows a defendant to use unlawful means to take their property); *see also State v. Hobbs*, 64 P.3d 1218, 1222-23, ¶ 23 (Utah App. 2003) (collecting cases).

¶12 Here, the parties stipulated that "on the date of the incident . . . [Hanss's] Chevrolet Blazer was subject to a lawful impound at All American Towing." The State also presented evidence that without permission of the business owner to enter the locked commercial yard or take the Blazer, Hanss broke into the tow yard by cutting off the lock with his bolt cutters, and took the Blazer by driving it away using a key. Moreover, the State presented evidence that Hanss had not paid any of the fees required for him to regain lawful possession of the Blazer. *See* A.R.S. § 28–3512(C) (he needed to pay "all immobilization, towing and [impound] storage charges").

¶13 Because the towing company had, under Arizona law, a possessory interest in the lawfully-impounded truck, Hanss could not use self-help by cutting off the lock of the locked commercial yard to attempt to regain possession, even though he was the owner of the Blazer, without paying all the required fees. *See* A.R.S. §§ 13–1801, 28–3512(C), –4838, and -4842(A); *see also Schaefer*, 163 Ariz. at 630, 790 P.2d at 285. As a result, the State had presented sufficient evidence to submit the burglary claim to the jury. Therefore, the court did not err by denying the Rule 20 motion.

**CONCLUSION**

**¶14**        For the foregoing reasons, we affirm Hanss's conviction and resulting sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama