NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FELIX VALDEZ NORIEGA, *Appellant.*

No. 1 CA-CR 18-0488
FILED 5-30-2019

Appeal from the Superior Court in Coconino County
No. S0300CR201700742
The Honorable Dan R. Slayton, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

John Trebon, P.C., Flagstaff
By John J. Trebon
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1        Felix Noriega appeals his convictions and sentences for kidnapping, armed robbery, aggravated assault, and disorderly conduct. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On August 29, 2016, the victim took Noriega's truck without permission.[1]   Noriega located the victim in the early morning hours of August 30, pistol-whipped him, forced him into the truck, and drove him to a tattoo parlor/vape shop.  Once inside the shop, Noriega pushed the victim to the ground and then escorted him to a couch in the back.  The victim sat on the couch while Noriega and others grabbed him by the hair, shouted at him, pointed a gun in his face, struck him multiple times, and threatened him with guns, a rope, and a knife.  With a gun in hand, Noriega ordered the victim to empty his pockets, the contents of which Noriega promptly removed from the victim's reach.  The events were captured on surveillance video at the shop and expounded upon by the other participants.

¶3        After several hours, Noriega allowed the victim to leave.  The victim immediately called 9-1-1 to report having been assaulted and his wallet and cell phone having been stolen.  During their investigation, law enforcement officers found bloody paper towels and the victim's wallet inside the tattoo parlor/vape shop.

¶4        Noriega was charged with kidnapping, armed robbery, and four counts of aggravated assault.   The jury convicted Noriega of

---

[1]      "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

kidnapping, armed robbery, two counts of aggravated assault, and disorderly conduct as a lesser-included offense of a third count of aggravated assault.[2] The trial court sentenced Noriega as a dangerous, non-repetitive offender to concurrent terms of imprisonment, the longest being 10.5 years. Noriega timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

## DISCUSSION

### I. The Trial Court Did Not Abuse its Discretion in Denying Noriega's Motion for Mistrial.

¶5        Noriega argues the trial court erred in denying his motion for mistrial after the State mistakenly introduced an unredacted version of the 9-1-1 call where the victim stated, "I know they [the guns] were illegal because I know that the person is illegal as well." Noriega contends that the victim's statement constituted an impermissible comment upon his immigration status and was sufficiently prejudicial to deny him a fair trial. We disagree.

¶6        "Mistrial is an extraordinary remedy for trial error 'and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.'" *State v. Payne*, 233 Ariz. 484, 504, ¶ 61 (2013) (quoting *State v. Speer*, 221 Ariz. 449, 462, ¶ 72 (2009)). We review the denial of a motion for mistrial for an abuse of discretion, bearing in mind "the trial judge is in the best position to evaluate 'the atmosphere of the trial, the manner in which the objectionable statement was made, and the possible effect it had on the jury and the trial.'" *State v. Kuhs*, 223 Ariz. 376, 380, ¶ 18 (2010) (citing *State v. Hoskins*, 199 Ariz. 127, 142, ¶ 52 (2000), and then quoting *State v. Bible*, 175 Ariz. 549, 598 (1993)).

¶7        Although Noriega cites cases from other jurisdictions suggesting reference to a person's undesirable immigration status is inherently prejudicial, "brief, inadvertent juror exposure" to inimical information does not obviate the need for a showing of prejudice. *Payne*, 233 Ariz. at 505, ¶¶ 65-66 (citing *Speer*, 221 Ariz. at 462-63, ¶ 74). Therefore,

---

[2]        The State voluntarily dismissed the fourth count of aggravated assault during trial.

[3]        Absent material changes from the relevant date, we cite a statute's current version.

Noriega must show actual prejudice from the comment. *See id.* He has not done so here.

¶8 First, the statement did not specifically refer to Noriega, who was only one of four individuals involved in the encounter. Nor did the statement clearly refer to the unidentified person's immigration status rather than his or her general ability to possess a firearm. Thus, we cannot say the vague reference to illegality is clearly related to Noriega's immigration status.

¶9 Second, there is no indication that the jury was influenced by the victim's remark. To the contrary, the jury demonstrated it remained capable of making critical factual determinations when it convicted Noriega of a lesser-included offense. *See State v. Rushing*, 156 Ariz. 1, 3 (1988) (considering the jury's decision to convict a defendant of lesser-included offenses as indication that the challenged evidence "did not so inflame the jury as to render it incapable of making critical factual determinations").

¶10 Finally, the record contains overwhelming evidence of Noriega's guilt, including approximately thirty minutes of surveillance video that captured the events underlying the offenses, which were corroborated and expounded upon by testimony from the victim and two other participants. *See State v. Gallegos*, 178 Ariz. 1, 11 (1994) (finding beyond a reasonable doubt that trial error was harmless where overwhelming evidence in the record supported the jury's verdict).

¶11 On this record, we cannot conclude the trial court inaccurately assessed the situation, abused its discretion in denying Noriega's motion for the extraordinary remedy of mistrial, or otherwise deprived Noriega of a fair trial.

## II. Sufficient Evidence Supports Noriega's Armed Robbery Conviction.

¶12 Noriega argues the State failed to prove he committed armed robbery. We review the sufficiency of the evidence to support a conviction *de novo*. *Harm*, 236 Ariz. at 406, ¶ 11 (citing *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011)). "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis omitted). Thus, we will affirm a conviction so long as it is supported by substantial evidence. *Id.* (quotation omitted). Substantial evidence is that which is sufficient for a reasonable mind to

support the conclusion. *State v. West*, 173 Ariz. 602, 610 (App. 1992) (citing *State v. Goswick*, 142 Ariz. 582, 586 (1984)).

¶13　　　A person commits robbery if, "in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." A.R.S. § 13-1902(A). The offense is an armed robbery if a person takes such action while armed with, using, or threatening to use a deadly weapon, A.R.S. § 13-1904(A), such as a gun, *see* A.R.S. § 13-105(15) ("'Deadly weapon' means anything designed for lethal use, including a firearm.").

¶14　　　Sufficient evidence supports Noriega's conviction of armed robbery here. Although Noriega points to evidence suggesting that certain items taken did not belong to the victim, a person is not free to forcibly retrieve his own property from another. *See* A.R.S. § 13-1801(A)(13) (defining "[p]roperty of another" broadly to include "property in which the defendant also has an interest"); *State v. Schaefer*, 163 Ariz. 626, 629 (App. 1990) (suggesting the criminal code's broad definition of property "implicitly denies a claim of right defense" such that "one can . . . be criminally charged with taking one's own property"). Regardless, the record contains sufficient evidence upon which a reasonable jury could find that Noriega took the victim's wallet and cell phone from his person, by force, and while using or displaying a firearm. *See supra* ¶¶ 2-3. The State proved Noriega committed armed robbery, and we find no error.

**CONCLUSION**

¶15　　　Noriega's convictions and sentences are affirmed.

