William Lyle WORATZECK,
Petitioner-Appellant,

v.

James R. RICKETTS, and Donald Wawrzaszek, Respondents-Appellees.

No. 85–2367.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1986.

Decided June 25, 1987.

As Amended Sept. 1, 1987.

James J. Syme, Jr., Robinson & Syme, Glendale, Ariz., for petitioner-appellant.

Crane McClennen, Dept. of Law, Phoenix, Ariz., for respondents-appellees.

### ORDER

The prior opinion in this case, filed September 16, 1986, and published at 808 F.2d 1322, is hereby withdrawn. The attached opinion is filed in its place.

Before WALLACE, FARRIS and BOOCHEVER, Circuit Judges.

WALLACE, Circuit Judge:

Woratzeck appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that he was denied his sixth amendment right to effective assistance of counsel and his fourteenth amendment right to due process. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

### I

Leslie was a 36-year old woman who suffered from Huntington's disease, had the mental capacity of a 15-year-old, and was physically disabled. She received general assistance from her aunt, Medina, and day-to-day assistance from other friends. Leslie lived in a trailer located in a trailer park that Woratzeck was purchasing from Medina and Medina's brother. Medina made the monthly rental payments to Woratzeck for Leslie's trailer. In February 1980, Woratzeck was over $2,000 behind in his payments to the Medinas for the trailer park property. Medina therefore did not pay the February rent for Leslie's trailer.

On March 6, 1980, Leslie was killed inside her trailer, and an undetermined amount of money was taken from her. The medical examiner testified that the assailant stabbed Leslie three times, strangled her, and delivered two blows to her head. Leslie's trailer was then lit on fire.

Woratzeck was indicted by a grand jury of Pinal County, Arizona, for first-degree felony-murder, Ariz.Rev.Stat.Ann. § 13–1105.A.2, arson of an occupied structure, *id.* § 13–1704, second-degree burglary, *id.* § 13–1507, and armed robbery, *id.* § 13–1904. A jury convicted him of first-degree felony-murder, second-degree burglary, and armed robbery, and acquitted him on the arson count. A sentencing hearing was held pursuant to Ariz.Rev.Stat.Ann. § 13–703, and Woratzeck was sentenced to death on the first-degree felony-murder count and consecutive prison terms of 11.25 years and 15.75 years on the burglary and robbery counts. On appeal, the Arizona Supreme Court affirmed the convictions and sentences. *See State v. Woratzeck,* 134 Ariz. 452, 657 P.2d 865 (1982) (*Woratzeck*). The trial court denied Woratzeck's motion for post-conviction relief under Ariz.R.Crim.P. 32, and the Arizona Supreme Court denied review. Woratzeck's petition for a writ of habeas corpus in federal district court was then denied, and he brought this appeal.

### II

■ Woratzeck contends that he was denied his sixth amendment right to effective assistance of counsel because his attorney's performance during the trial and the sentencing proceeding was deficient and prejudicial. *See Strickland v. Washington,* 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (*Strickland*). To obtain relief for a claim of ineffective assistance of counsel on a habeas corpus

review, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made, and petitioner must also demonstrate prejudice." *Butcher v. Marquez*, 758 F.2d 373, 375–76 (9th Cir.1985) (*Butcher*) (citing *Strickland*); *see Miller v. Stagner*, 757 F.2d 988, 996 (9th Cir.), *amended in other respects*, 768 F.2d 1090 (9th Cir. 1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986). Our review of counsel's performance is highly deferential: we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *see Darden v. Wainwright*, —— U.S. ——, ——, 106 S.Ct. 2464, 2474, 91 L.Ed.2d 144 (1986) (*Darden*); *United States v. Hamilton*, 792 F.2d 837, 839 (9th Cir.1986). To demonstrate prejudice, Woratzeck must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

The state court's findings of fact are entitled to deference pursuant to 28 U.S.C. § 2254(d), and the district court's findings of fact are reviewed for clear error. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070. Nevertheless, whether the facts demonstrate unreasonable performance and prejudice are mixed questions of law and fact, *id.*, that we review de novo. *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir.1986); *Butcher*, 758 F.2d at 376.

**A.**

■ Woratzeck first argues that his counsel's failure to request a jury instruction concerning a claim of right defense to robbery or theft constituted ineffective assistance of counsel. The claim of right defense provides that property taken by force under claim of right of ownership does not constitute robbery. *State v. Hardin*, 99 Ariz. 56, 59, 406 P.2d 406, 408

(1965); *State v. Flores*, 140 Ariz. 469, 473, 682 P.2d 1136, 1140 (Ct.App.1984). Woratzeck contends that his claim of right to rent due from Leslie negated the felonious intent required for a conviction of robbery or burglary. The state contends that it is questionable whether the claim of right defense still applies in Arizona to robbery. *See* Ariz.Rev.Stat.Ann. §§ 13–1802.A.1, 13–1902.A, 13–1801.A.12; *cf. State v. Lewis*, 121 Ariz. 155, 157–58, 589 P.2d 29, 31–32 (Ct.App.1978) (criticizing claim of right defense to charge of robbery). We need not decide, however, whether the claim of right defense presently exists under Arizona law.

To find Woratzeck's trial counsel incompetent in failing to assert the claim of right defense, we must conclude (1) that a reasonably competent attorney would have considered the defense, and (2) that a reasonably competent attorney, having considered the defense, would also not reject it for strategic reasons. In conducting our examination, we must "eliminate the distorting effects of hindsight [by] reconstruct[ing] the circumstances of counsel's ... perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Throughout the trial, Woratzeck maintained that he did not take money from Leslie and that he never entered her trailer on the day she was killed. He informed his attorney that it would have been impossible for him to have robbed and killed Leslie because at the very time she was robbed and killed he was burglarizing the Three G's Nursery. He never gave his attorney any reason to think that he desired to rely on any defense other than his alibi. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. Furthermore, claim of right is not the sort of defense that immediately comes to mind as a defense to murder. Given the nature of the crime charged and given Woratzeck's steadfast assertion that he did not take any money form Leslie, we cannot conclude that a reasonably competent attorney would have considered asking for a claim of right instruction.

Even if reasonably competent counsel would have considered the defense, research would have shown that the defense may not be available in the circumstances of Woratzeck's case. In Arizona's seminal case concerning the application of the claim of right doctrine to robbery, *Bauer v. State*, 45 Ariz. 359, 43 P.2d 203 (1938), a defendant asserted as a defense at trial that she did not take money from the victim by force. The trial court's instructions to the jury precluded a claim of right defense. The Arizona Supreme Court affirmed, stating that the defendant

> could not defend by denying that she took the money by force and in her brief assume the position that she took it forcibly in the belief that she had a right to satisfy and honest claim in that way. If she had admitted upon the witness stand that she took the money by force for the reason she urges here, the record would have presented the question whether her claim was bona fide.... In other words, even if the contention of appellant were conceded to be the law, there was no testimony upon which an instruction applying it could have been predicated.

*Bauer*, 43 P.2d at 205–06. Even though alternate defenses are generally permitted, reasonably competent counsel may have concluded, therefore, that Woratzeck could not, under Arizona law, contend that he did not take the money and also ask for an instruction concerning a defense which required him to admit that he did take the money.

Furthermore, even if Woratzeck's counsel found a way to distinguish *Bauer*, he would have had a difficult time fitting the claim of right defense into the facts of this case. He would have had to convince the jury that Leslie owed Woratzeck money, although evidence in the record tended to show that Leslie's aunt, Medina, was actually responsible for paying the rent. In addition, counsel would have had to convince the jury that Woratzeck did not take more than the amount that was owed him, although evidence in the record tended to show that he did take a greater amount.

Most importantly, the claim of right defense, even if available under Arizona law and even if believed by the jury, would not be a complete defense to the felony-murder charge. If the jury acquitted on the robbery count, it was still free to convict Woratzeck of felony-murder based on the burglary and arson felonies.

Finally, the claim of right defense would tend to undermine Woratzeck's only complete defense, alibi. The jury could subscribe to the claim of right theory only by rejecting Woratzeck's story that he was not present at the scene of the crime. A theory placing Woratzeck at the scene of the crime but not affording complete protection might have backfired. Counsel could have reasonably concluded that he "did not want any instructions that would tend to focus attention on [such a] defense[ ]." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir.1985).

Having reconstructed "counsel's perspective at the time," *Strickland*, 466 U.S. at 689, we cannot conclude that a reasonably competent attorney was required to ask for a claim of right instruction.

Woratzeck contends, however, that his counsel did not make a tactical decision not to ask for the jury instruction, *see Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (there is a "wide latitude counsel must have in making tactical decisions"), but rather was unaware of the claim of right defense. It is not clear to us from the record whether Woratzeck's attorney was unaware of the defense. His attorney specifically stated that too much time had gone by to remember "why decisions were made" not to request specific jury instructions. Under these circumstances, we believe the Supreme Court has outlined the proper context within which we review this issue:

> As we recognized in *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time."

466 U.S., at 689, 104 S.Ct., at 2065. In particular, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Ibid.*, quoting *Michel v. Louisiana*, 350 U.S. 91, 100–101, 76 S.Ct. 158, 163–164, 100 L.Ed. 83 (1955).

*Darden*, —— U.S. at ——, 106 S.Ct. at 2474. Reasonably competent counsel could have elected to rely exclusively on an alibi defense. In any event, defense counsel need not be infallible or recognize and raise every possible basis for defense. *See Engle v. Isaac*, 456 U.S. 107, 133–34, 102 S.Ct. 1558, 1574–75, 71 L.Ed.2d 783 (1982); *United States v. McAdams*, 759 F.2d 1407, 1409 (9th Cir.1985).

We conclude that the failure of Woratzeck's counsel to request a claim of right jury instruction in response to the government's theory of the case did not fall outside the wide range of responsible professional assistance nor call into question the fundamental fairness of the state court proceeding. *See Strickland*, 466 U.S. at 689–90, 696, 104 S.Ct. at 2065–66, 2069.

### B.

▊ Woratzeck next contends that he was denied effective assistance of counsel because his attorney failed to request that the jury be instructed that the crime of theft is a lesser included offense of armed robbery. *See State v. Celaya*, 135 Ariz. 248, 251–52, 660 P.2d 849, 852–53 (1983) (*Celaya*). A defendant is entitled to a lesser included offense instruction under Arizona law if the evidence suggests that the element which distinguishes the greater offense from the lesser offense is in dispute. *See State v. Malloy*, 131 Ariz. 125, 129–30, 639 P.2d 315, 319–20 (1981); *State v. Dugan*, 125 Ariz. 194, 195–96, 608 P.2d 771, 772–73 (1980); *see also United States v. Johnson*, 637 F.2d 1224, 1233 (9th Cir.1980) (instruction is proper if greater offense requires jury to find disputed factual element not required for lesser included offense). An element of armed robbery that distinguishes it from theft is the requirement that force be threatened or used to obtain the property or to prevent resistance. *Compare* Ariz.Rev.Stat.Ann. § 13–1802.A.1 *with id.* § 13–1902.A & § 13–1904.

Woratzeck contends that there was no direct and conclusive evidence that the force used to kill Leslie was inflicted in the course of the taking of the money, and that he was therefore entitled to a lesser included offense instruction of theft. As the district court held, Arizona law requires giving a lesser included offense instruction only when supported by the evidence. *See Celaya*, 135 Ariz. at 253, 660 P.2d at 852; *State v. Govorko*, 23 Ariz.App. 380, 384, 533 P.2d 688, 692 (1975). Here, Woratzeck concedes that evidence supported the inference that he used force in taking the money, but asserts, without any elaboration, that the contrary inference could also have been drawn. We are unpersuaded that a reasonable jury could have inferred from the evidence that Woratzeck committed theft but not robbery. In any event, Woratzeck elected to rely on his alibi defense. His counsel testified that as a tactical matter, arguing a lesser included offense concerning theft might have diluted the alibi defense and resulted in a loss of credibility. The district court properly accepted the Arizona court's finding that not requesting the instruction was trial strategy. The decision not to request a lesser included offense instruction falls within the wide range of reasonable professional representation. Consequently, we conclude that this argument does not support Woratzeck's claim that he was denied effective assistance of counsel.

### C.

Woratzeck also contends that his counsel committed a number of errors during the sentencing proceeding that amounted to ineffective assistance of counsel. Under Arizona law, the trial court "shall impose a sentence of death if the court finds one or more of the aggravating circumstances enumerated ... and that there are no mitigating circumstances sufficiently substantial to call for leniency." Ariz.Rev.Stat. Ann. § 13–703.E. The trial judge found two aggravating circumstances: commission of the offense for pecuniary gain and commission of the offense in an especially heinous, cruel, or depraved manner. *See id.* § 13–703.F.4, .6. The trial judge found no mitigating circumstances that weighed against the aggravating factors.

Woratzeck argues that even if his counsel's failure to request a claim of right instruction during the trial did not amount to ineffective assistance of counsel, the failure to raise the claim of right theory at

the sentencing proceeding to show that the murder was not for pecuniary gain did fall outside "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Woratzeck also contends that his counsel's failure to argue at the sentencing proceeding that the murder of Leslie was not heinous, cruel, or depraved constituted ineffective assistance of counsel.

In order to establish a claim of ineffective assistance of counsel, a defendant must show not only that counsel's performance was deficient, but also that the deficient performance was prejudicial to the defense. *See id.* at 687, 104 S.Ct. at 2064. It is not necessary to determine "whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697, 104 S.Ct. at 2069.

■ We first consider whether the failure of Woratzeck's counsel to raise the claim of right theory at the sentencing proceeding resulted in prejudice. Section 13–703.E states that a sentence of death *shall* be imposed if *one or more* of the enumerated aggravating circumstances is present. Contrary to Woratzeck's argument in his brief, his counsel did argue at the sentencing proceeding that Leslie was not murdered in a heinous, cruel, or depraved manner.

The question is, therefore, if one of two aggravating circumstances is sustained and the other, arguendo, is not, and there are no mitigating circumstances, is resentencing required? Under Arizona law, it is not. The Arizona Supreme Court has held that its "elimination of some aggravating factors in the absence of mitigating circumstances does not mandate a remand to the trial court for resentencing." *State v. Smith*, 146 Ariz. 491, 504, 707 P.2d 289, 302 (1985); *State v. McCall*, 139 Ariz. 147, 161 n. 4, 677 P.2d 920, 934 n. 4 (1983), *cert. denied*, 467 U.S. 1220, 104 S.Ct. 2670, 81 L.Ed.2d 375 (1984); *cf. Barclay v. Florida*, 463 U.S. 939, 967–68, 103 S.Ct. 3418, 3433–34, 77 L.Ed.2d 1134 (1983) (Stevens, J., concurring in the judgment) ("Under Florida law, if there are no statutory mitigating circumstances, one valid statutory aggravating circumstance will generally suffice to uphold a death sentence on appeal even if other aggravating circumstances are not valid. The Federal Constitution requires no more, at least as long as none of the invalid aggravating circumstances is supported by erroneous or misleading information.") (footnotes omitted).

Because the trial judge found no mitigating factors, the finding that Woratzeck murdered Leslie in a heinous, cruel, or depraved manner was sufficient to impose the death penalty. Therefore, there was no showing of prejudice, even if counsel's performance were considered deficient in failing to argue the claim of right theory.

■ Woratzeck next contends that his counsel's failure to introduce the testimony of family and friends as a mitigating factor at the sentencing hearing constituted ineffective assistance of counsel. Woratzeck's counsel testified that Woratzeck gave him a list of individuals who could have testified at the sentencing proceeding, and that he contacted all but one of the individuals. Although he could not remember the responses of everyone that he contacted, he did recall that two of the individuals stated that they would have had to commit perjury in order to say anything good about Woratzeck. We conclude that Woratzeck's counsel conducted a sufficient inquiry into the mitigating value of the potential witnesses' testimony and that his decision not to call the witnesses at the sentencing proceeding is entitled to deference as a strategic choice. *See Strickland*, 466 U.S. at 690–91, 104 S.Ct. at 2066. Based on the record before us, we do not find this decision unreasonable.

Woratzeck further contends that his counsel's failure at the sentencing hearing to introduce a doctor's report concerning the degree of his intoxication on the night Leslie was murdered, to contend that Woratzeck cooperated with the police, and to argue that a doubt remained concerning his guilt constituted ineffective assistance of counsel.

■ Although the doctor's report concerning Woratzeck's level of intoxication was not presented as mitigating evidence during the sentencing proceeding, the trial judge had earlier read the report. Furthermore, the report itself contained evidence that contradicted Woratzeck's position. Woratzeck told the doctor he remembered everything he did on the night of the murder. The doctor did not believe there was a serious interference with his thought process due to intake of alcohol. We are not convinced that there is a reasonable probability that the outcome would have been different but for counsel's failure to introduce the doctor's report during the sentencing proceeding. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Similarly, we do not conclude that counsel's failure to argue

that Woratzeck cooperated with the police resulted in prejudice.

■ Woratzeck's argument that his counsel should have argued doubt about guilt as a mitigating circumstance is contrary to Arizona law. Once an individual has been found guilty beyond a reasonable doubt, doubt about guilt is no longer relevant and therefore is not a mitigating circumstance. *See State v. Carriger,* 143 Ariz. 142, 162, 692 P.2d 991, 1011 (1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985); *State v. Schad,* 129 Ariz. 557, 573, 633 P.2d 366, 382–83 (1981), *cert. denied,* 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982).

## III

Woratzeck contends that the trial judge's failure to instruct the jury sua sponte on a claim of right defense and on the lesser included defenses of theft and second-degree murder resulted in a denial of due process.

### A.

■ The trial judge's failure to instruct the jury on a claim of right defense is not a basis for habeas corpus relief "unless the error rendered the trial so fundamentally unfair as to deny due process." *Shepherd v. Nelson,* 432 F.2d 1045, 1046 (9th Cir. 1970) (per curiam). It is not enough that the contested instructions were "undesirable, erroneous, or even 'universally condemned.'" *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *see Bashor v. Risley,* 730 F.2d 1228, 1239 (9th Cir.) (*Bashor*), *cert. denied,* 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).

■ Woratzeck never requested that a claim of right instruction be given, nor gave the trial judge any reason to believe that he intended to rely on any defense other than his alibi defense. A sua sponte instruction by the trial judge on a claim of right defense would have been inconsistent with Woratzeck's defense theory. Consequently, the trial judge's failure to give a claim of right instruction sua sponte did not amount to a due process violation. *See Butcher,* 758 F.2d at 377; *Bashor,* 730 F.2d at 1240.

### B.

■ Woratzeck's argument that the trial judge's failure to instruct the jury on the lesser included offenses of second-degree murder and theft violated due process is equally unpersuasive. In a noncapital case, we have stated that the "[f]ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." *James v. Reese,* 546 F.2d 325, 327 (9th Cir.1976) (per curiam). Due process, however, requires that a lesser included offense instruction to a capital offense be given when the evidence warrants such an instruction. *See Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982); *Beck v. Alabama,* 447 U.S. 625, 637–38, 100 S.Ct. 2382, 2389–90, 65 L.Ed.2d 392 (1980) (*Beck* ).

■ Woratzeck first contends that he was entitled to a lesser included offense jury instruction on second-degree murder. Under Arizona law, however, second-degree murder is not a lesser included offense of felony-murder. *See State v. Arias,* 131 Ariz. 441, 443–44, 641 P.2d 1285, 1287–88 (1982). The constitutional protection prohibits the state "from withdrawing [the lesser included offense] option from the jury in a capital case." *Beck,* 447 U.S. at 638, 100 S.Ct. at 2390. As there was no option to withdraw, Woratzeck was not denied due process by the trial judge's failure to instruct the jury sua sponte concerning second-degree murder.

■ Woratzeck's argument that the trial judge erred in failing to instruct the jury concerning theft—which is a lesser included offense of robbery—when robbery served as one of the underlying felonies for the felony-murder conviction, is more persuasive. *Cf. United States v. Stearns,* 707 F.2d 391, 393 (9th Cir.1983) (permitting felony-murder prosecution where defendant had earlier been tried and convicted for lesser included offense related to same transaction, but observing that defendant could not be punished again for the underlying theft if convicted of felony-murder), *cert. denied,* 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984). We need not decide this issue, however, because even if the theft instruction should have been given, the trial judge's failure to do so would not have changed the outcome.

The trial judge instructed the jury that to convict Woratzeck of felony-murder, it had to find that he committed or attempted to commit burglary or robbery and that he killed Leslie in the course of and in the

furtherance of the crime or immediate flight from the crime. The jury specifically convicted Woratzeck of second-degree burglary and armed robbery, both of which provided the underlying felony for the felony-murder conviction. *See* Ariz.Rev.Stat. Ann. § 13–1105.A.2. Assuming, arguendo, that the failure to give the theft instruction taints the armed robbery conviction, we address whether the felony-murder conviction could stand based upon the burglary felony alone.

In *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), the Supreme Court concluded that a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds for the verdict, one of the grounds is found to be insufficient, and it is impossible to determine from the record whether the verdict may have been based solely on the insufficient ground. *Id.* at 368, 51 S.Ct. at 535; *see also Zant v. Stephens*, 462 U.S. 862, 881–82, 103 S.Ct. 2733, 2744–45, 77 L.Ed.2d 235 (1983); *Yates v. United States*, 354 U.S. 298, 311–12, 77 S.Ct. 1064, 1072–73, 1 L.Ed.2d 1356 (1957); *United States v. Lester*, 749 F.2d 1288, 1291–92 n. 1 (9th Cir. 1984). The *Stromberg* analysis, however, does not apply to this case. Here it is possible to tell that the felony-murder verdict was not predicated solely on the robbery. The jury specifically found Woratzeck guilty of both burglary and robbery. Thus, we know that the jury found burglary to be a predicate felony. The only remaining question is whether the jury found that Leslie was murdered during the course of and in the furtherance of the burglary.

The jury found Woratzeck guilty of felony-murder, which required a finding that Leslie was murdered during the course of and in the furtherance of either the robbery or the burglary. Even if we assume that the jury found that the murder occurred during the course of and in the furtherance of the robbery to convict Woratzeck of felony-murder, it is clear that the course of the armed robbery is necessarily factually encompassed within the course of the burglary. A finding that Woratzeck killed Leslie in the course of and in the furtherance of the robbery necessarily includes a finding that he killed her during the course of and in the furtherance of the burglary. Therefore, even if a lesser included offense instruction of theft should have been given, the felony-murder conviction would still be supported by Worat-zeck's second-degree burglary conviction. Any constitutional error that might have resulted from the trial judge's failure to instruct the jury concerning theft was harmless beyond a reasonable doubt. *See United States v. Hastings*, 461 U.S. 499, 509–11, 103 S.Ct. 1974, 1980–81, 76 L.Ed.2d 96 (1983) (error is harmless if, absent the error, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty). Therefore, it is unnecessary for us to decide whether the theft instruction should have been given.

## IV

As a final matter, Woratzeck contends that the trial court's and the Arizona Supreme Court's finding that he murdered Leslie in an especially heinous, cruel, or depraved manner violated due process and the eighth amendment's prohibition against cruel and unusual punishment. We presume that the state court's finding is correct unless it is not fairly supported by the record. *See* 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 549–50, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981).

The Arizona Supreme Court has defined "cruel" as disposed to inflict pain in an especially wanton, insensate, sadistic, or vindictive manner; "heinous" as shockingly evil or grossly bad; and "depraved" as marked by corruption, perversion, or deterioration. *See State v. Richmond*, 136 Ariz. 312, 319, 666 P.2d 57, 64, *cert. denied*, 464 U.S. 986, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983). The trial court found that Woratzeck murdered Leslie in a cruel, heinous, and depraved manner. The Arizona Supreme Court accepted the medical examiner's testimony that Leslie was stabbed three times, strangled, and hit on the head twice, that a blow to the head was probably the cause of death, and that Leslie was alive during the assault. *See Woratzeck*, 134 Ariz. at 457, 657 P.2d at 870. The court found that Woratzeck's violence against Leslie reflected a heinous and depraved attitude. *See id.* We conclude that the court's finding is fairly supported by the record and therefore reject Woratzeck's due process and eighth amendment arguments.

AFFIRMED.

BOOCHEVER, Circuit Judge, concurring.

I join the court's opinion because it is in accord with binding Supreme Court prece-

dent. I recognize that I am bound by that precedent which upholds the constitutional validity of the death penalty. If I were free to decide the issue, I would agree with Justice Brennan's view that the death penalty is in all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments. *See Gregg v. Georgia,* 428 U.S. 153, 227, 96 S.Ct. 2909, 2971, 49 L.Ed.2d 859 (1976) (Brennan, J., dissenting), and at 231, 96 S.Ct. at 2973 (Marshall, J., dissenting).

I do differ with the rationale of the majority, however, concerning the claim of right defense and the failure to give a theft instruction. Despite dictum in *State v. Flores,* 140 Ariz. 469, 682 P.2d 1136, 1140 (App.1984), I agree with the district court that the 1978 amendments to Arizona's criminal statutes eliminate a claim of right defense to the crime of robbery under the facts of this case.

"Robbery" is defined as:

A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

Ariz.Rev.Stat.Ann. § 13–1902 (1978).

"Property of another" is defined as:

"Property of another" means property in which any person other than the defendant has an interest which the defendant is not privileged to infringe, including property in which the defendant also has an interest, ...

Ariz.Rev.Stat.Ann. § 13–1801(6) (1978).

Under these definitions it is no defense that Woratzeck may have claimed a right to money allegedly owed by Leslie. Clearly Leslie had an interest in the money with which Woratzeck was not privileged to interfere, so that the forceful taking came within the definition of robbery.

Counsel was not entitled to a claim of right instruction even if it were requested. No prejudice resulted from the failure to make the request. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

I also differ from the majority's view concerning the failure to give a theft instruction. Woratzeck argues that the trial judge erred in failing to instruct the jury concerning theft, contending that it is a lesser included offense of robbery. If Woratzeck were entitled to a theft instruction he was entitled to a claim of right instruction, which arguably remains applicable to that offense. I find, however, that there is no evidence justifying a theft instruction.

It was undisputed that Leslie was killed, and the only logical inference is that force was used in the course of depriving her of money. It is not necessary to instruct on a lesser offense when the evidence does not support the giving of such an instruction. *Hopper v. Evans,* 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).