952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis Lee SLEDGE, Petitioner/Appellant,
v.
E.R. MEYERS, Warden, Respondent/Appellee.
 No. 90-55765.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1992.*
Decided Jan. 15, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In order to obtain relief for a claim of ineffective assistance of counsel, Sledge "must demonstrate that his attorney 'made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made, and ... must also demonstrate prejudice.' " Woratzeck v. Ricketts, 820 F.2d 1450, 1453 (9th Cir.1987). Our review of counsel's performance is "highly deferential." Id. Sledge must overcome "a strong presumption that counsel's conduct falls within the range of reasonable professional performance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Sledge also must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 3
 1. Jury instructions regarding specific intent
 
 
 4
 We have read California Jury Instruction Nos. 2.02 (sufficiency of circumstantial evidence to prove specific intent) and 2.50 (other crimes as evidence of motive, intent, and identity). Instruction No. 2.02 properly informed the jury that murder and robbery require a finding of specific intent. The instruction did not impermissibly reverse the government's burden of proof. Instruction No. 2.50 properly informed the jury that evidence of other crimes should be considered only as evidence of motive, intent, and identity. We understand Sledge's argument, but Appellate counsel's decision not to challenge the instructions did not render their performance deficient.
 
 
 5
 Sledge also has not made an adequate showing of prejudice. Neither instruction undermines our confidence in the outcome of the trial. See id. Far from prejudicing Sledge, Instruction No. 2.50 informed the jury that testimony regarding other crimes committed by Sledge, e.g., forging McNally's signature in order to cash the traveler's checks, should not be used as evidence that Sledge was disposed to commit murder and robbery. The jury was also read California Jury Instruction Nos. 2.90 (presumption of innocence and burden of proof) and 8.10 (definition of murder). The instructions, considered as a whole, were not misleading or inadequate. See United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989).
 
 
 6
 2. Jury instructions regarding time of offense
 
 
 7
 Sledge's trial counsel initially asked that California Jury Instruction No. 4.71.5 be read to the jury, but later agreed that the instruction should not be read. In light of this fact, appellate counsel understandably did not challenge the district court's decision, and their decision not to bring such a challenge did not render their performance deficient. In any event, the jury was read California Jury Instruction No. 4.50 (alibi). Because Sledge's alibi defense was adequately presented to the jury, Sledge also has not made an adequate showing of prejudice.
 
 
 8
 3. Exclusion of purportedly favorable evidence
 
 
 9
 There was no evidence that "[t]he sources of information and the method and time of preparation were such as to indicate [the lineup form's] trustworthiness." California Evidence Code § 1280. In particular, there was no testimony to confirm the accuracy of the notations contained on the form. We understand Sledge's argument, but appellate counsel's decision not to challenge the trial court's ruling that the form was inadmissible did not render their performance deficient. Sledge also was not thereby prejudiced. The excluded evidence at most reflected that Slitky was unable to identify the person who was present in the train station on September 12, 1980.
 
 4. Abuse of discretion in sentencing
 
 10
 Insofar as Sledge challenges the correctness of the trial court's sentence under California law, he "allege[s] no deprivation of federal rights and may not obtain habeas relief." Engle v. Isaac, 456 U.S. 107, 119 (1981). We address only whether appellate counsel's decision not to challenge Sledge's sentence rendered their performance deficient. The trial judge had discretion to impose consecutive sentences. See Cal.Penal Code § 669 ("When any person is convicted of two or more crimes ... the second or other subsequent judgment ... shall direct whether the terms are to run concurrently or consecutively...."). Appellate counsel's performance was not deficient, nor was Sledge thereby prejudiced.
 
 5. In-court identification
 
 11
 The in-court identification and the procedures that preceded them were not so " 'unnecessarily suggestive and conducive to irreparable misidentification' as to amount to a violation of due process of law." United States v. Domina, 784 F.2d 1361, 1369 (9th Cir.1986). Sledge argues that Marano and Jacobs were unsure that Sledge was in the train station on September 12, 1980. This concern is properly addressed through effective cross-examination. See Manson v. Brathwaite, 432 U.S. 98, 113-14 (1977). Sledge's trial counsel adequately identified the factors that created doubt regarding the accuracy of the identifications. Trial and appellate counsels' performance was not deficient, nor was Sledge thereby prejudiced.
 
 6. Government informant jury instruction
 
 12
 Appellate counsel raised this issue in the California Court of Appeal. Appellate counsel's performance was not deficient.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3