967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Madrill HOLGUIN, Petitioner-Appellant,
v.
Larry HUGHES, et al., Respondent-Appellee.
 No. 91-15423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1992.
Decided June 23, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 OVERVIEW
 
 2
 Frank Madrill Holguin appeals the district court's denial of his petition for a writ of habeas corpus. He argues he was denied his sixth amendment right to effective assistance of counsel when his trial counsel failed to locate and interview a confidential informant and failed to request a lesser-included offense instruction. Holguin also argues that he was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel pursuant to 28 U.S.C. Section 2254. We find no merit in Holguin's arguments and, thus, affirm the district court's denial of his petition.
 
 II.
 BACKGROUND
 
 3
 On October 26, 1983, Holguin was indicted in Maricopa County Superior Court for sale and transfer of a narcotic drug (heroin) having a value of more than $250. His indictment resulted from the undercover work of Detective Richard Ramos of the Phoenix Police Department's narcotics detail. Ramos was introduced to Holguin through a confidential informant and at their initial meeting Holguin offered to sell Ramos twelve grams of heroin for $1,500. They met again that same evening and, while alone in Ramos' car, Holguin produced a large plastic bag containing 22 aluminum foil packets, 7 colored balloons, and 3 smaller plastic bags, each purportedly containing heroin. In exchange, Ramos gave Holguin $1,500.
 
 
 4
 Subsequent analysis established that 15 percent of the substance in the balloons and 6.4 percent in the foil packets was pure heroin. The three plastic bags contained "cutting materials," but no trace of heroin.
 
 
 5
 Holguin was tried before a jury and, although he asserted his innocence and testified in his own defense, he was found guilty. Holguin's conviction was affirmed by the Arizona Court of Appeals and the Arizona Supreme Court denied Holguin's petition for review of the court of appeals decision.
 
 
 6
 On January 17, 1989, Holguin filed this, his third federal habeas corpus petition arising out of this case. His first two habeas corpus petitions were dismissed for failure to exhaust state court remedies. On August 30, 1989, Holguin amended his petition and raised the following four claims of ineffective assistance of counsel: (1) failure to interview or attempt to locate witnesses which would have been crucial to petitioner's case, including but not limited to the confidential informant; (2) failure to request a jury instruction on the lesser-included offense of sale of heroin valued at less than $250; (3) waiver of Holguin's speedy trial rights without first consulting him; (4) failure to investigate and verify Holguin's prior felony conviction.
 
 
 7
 Federal Magistrate Sitver, who first reviewed the petition, found that Holguin had procedurally defaulted on his claims of improper waiver of speedy trial rights and of failure to verify a prior conviction. Magistrate Sitver, therefore, only addressed the merits of the claims now raised on appeal. Based on the state court record, Magistrate Sitver found that counsel was not ineffective in his failure to locate and interview the confidential informant or in his failure to request the lesser-included offense instruction and, furthermore, that Holguin had not demonstrated that he had been prejudiced by these alleged errors. Accordingly, he recommended that the petition be denied. On February 26, 1991, the district court adopted the Magistrate's report and recommendation and denied the writ. We affirm.
 
 III.
 DISCUSSION
 
 8
 We review the district court's denial of a petition for habeas corpus de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Id.
 
 
 9
 "To obtain relief for a claim of ineffective assistance of counsel on a habeas corpus review, the petition must demonstrate that his attorney 'made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made and petitioner must also demonstrate prejudice.' " Woratzeck v. Ricketts, 820 F.2d 1450, 1453 (9th Cir.1987), cert granted and vacated on other grounds, 486 U.S. 1051 (1988), citing, Butcher v. Marquez, 758 F.2d 373, 375-76 (9th Cir.1985). Our review of counsel's performance is highly deferential--we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 10
 Even if a petitioner meets the burden of demonstrating counsel's unreasonable performance, it must further be shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694.
 
 
 11
 A. FAILURE TO INTERVIEW THE CONFIDENTIAL INFORMANT
 
 
 12
 Holguin's argument that he was denied effective assistance of counsel when his trial counsel failed to locate and interview the confidential informant is meritless. It is entirely conceivable that counsel concluded that the confidential informant, as an ally and assistant of the Phoenix Police Department narcotics division, would offer testimony corroborating Detective Ramos' story. Therefore, counsel may have chosen, as a matter of strategy, not to investigate this potentially damaging evidence and instead focus his finite resources on more promising defense strategies. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland at 691. Under this standard, we cannot even say that counsel's decision not to locate and interview the confidential informant was unwise, much less beyond the scope of competent representation.
 
 
 13
 Even if we were persuaded that Holguin's counsel made a significant error in deciding not to interview the informant, Holguin has not shown that this error actually prejudiced his defense. In his brief, Holguin merely "submits that there was a reasonable probability of a different result." He does not give any indication, through affidavit or otherwise, of the anticipated substance of the informant's testimony or how it would have helped him. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate prejudice. Woratzeck 820 F.2d at 1453. While there is no single right way to do this, Holguin's sheer speculation about the impact of this alleged error on his trial is surely insufficient.
 
 
 14
 B. FAILURE TO REQUEST A LESSER-INCLUDED OFFENSE INSTRUCTION
 
 
 15
 Holguin also argues that his counsel's failure to request an instruction on the lesser-included offense of sale of heroin valued at less than $250 amounted to ineffective assistance of counsel. We disagree.
 
 
 16
 The Arizona Court of Appeals found that "the evidence before the jury was that there was a value of no less than $320 for the heroin seized. Accordingly, there was substantial evidence before the jury to support the verdict." When a federal court reviews the decision of a state court pursuant to a habeas corpus petition, 28 U.S.C. § 2254(d) requires that the state court's factual findings be accorded great deference and a strong presumption of correctness. See Sumner v. Mata, 449 U.S. 539, 545-47 (1980).
 
 
 17
 Since the record established that the value of the heroin exceeded $250, there was no basis on which counsel could have requested a lesser-included offense instruction. Certainly it is within prevailing professional norms not to request a jury instruction unsupported by the evidence.
 
 
 18
 Further, it appears that counsel's decision not to seek the lesser-included offense instruction was a tactical choice. He argued to the jury that the heroin was valued at less than $250 in an apparent effort to convince the jury that the state had not proven all the elements of the crime and that they should acquit. It is not ineffective assistance of counsel to fail to request an instruction inconsistent with trial strategy--here, that Holguin was not guilty of the crime charged. See Butcher v. Marquez, 758 F.2d 373, 377 (9th Cir.1985).
 
 
 19
 Finally, no prejudice could possibly have resulted from counsel's decision not to request the lesser-included offense instruction. If the jury had found that the state had failed to prove the value of the heroin exceeded $250, Holguin would have been acquitted.
 
 C. DENIAL OF AN EVIDENTIARY HEARING
 
 20
 The district court's refusal to grant an evidentiary hearing on issues raised in a petition for writ of habeas corpus is reviewed for abuse of discretion. Watts v. U.S., 841 F.2d 275, 277 (9th Cir.1988).
 
 
 21
 "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). Since the facts Holguin alleges, if proven, would not entitle him to relief, and since he received a full and fair evidentiary hearing in state court, the district court did not abuse its discretion in denying an evidentiary hearing.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3