26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cedrick Ray BROWN, Petitioner-Appellant,
v.
William BUNNELL, Respondent-Appellee.
 No. 93-15500.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1994.*
Decided June 15, 1994.
 
 MEMORANDUM***
 Before: FLETCHER and TROTT, Circuit Judges, and KING,** District Judge.
 Cedrick Brown was convicted of first-degree murder and robbery. He appeals the district court's denial of his writ of habeas corpus claiming: (1) there was insufficient evidence to support his murder conviction; (2) the trial court erred in refusing to instruct the jury on grand theft and involuntary manslaughter; (3) the prosecutor committed prejudicial misconduct during closing argument; and (4) his sentence constituted cruel and unusual punishment. We affirm.
 * Brown claims the evidence presented at trial was insufficient to support his conviction for the murder of Helen Rupp because the prosecution failed to prove that the injuries Rupp sustained during the robbery were the proximate cause of her death. We must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Reviewing the evidence in the light most favorable to the prosecution, we hold that Brown's murder conviction was supported by evidence from which a rational juror could find the essential elements of the crime beyond a reasonable doubt.
 Two doctors testified that a blood clot found in Rupp's pulmonary artery contributed to her death by reducing the amount of oxygen returning to the heart. Both doctors believed, to a reasonable medical certainty, that the blood clot "most likely" originated from the hip injury which Rupp received during the robbery.
 Brown claims the time delay between the robbery and Rupp's death coupled with Rupp's preexisting arteriosclerosis created an uncertainty as to whether the robbery caused the blood clot and whether the blood clot contributed to Rupp's death. Furthermore, Brown argues that evidence presented at trial suggested that Rupp may have died from an overdose of Elavil.
 Causation was hotly contested during the trial. But ultimately, causation is a question of fact to be resolved by the jury. Based on the record, we hold that sufficient evidence would support a murder conviction whether the jury believed the blood clot or an Elavil overdose directly caused Rupp's death.[1]
 Brown appears to argue that Rupp's death was unforeseeable. However, under California law, the felony-murder rule
 is not limited to those deaths which are foreseeable.... As long as the homicide is the direct causal result of the robbery the felony-murder rule applies whether or not the death was a natural or probable consequence of the robbery. So long as a victim's predisposing physical condition, regardless of its cause, is not the only substantial factor bringing about his death, that condition, and the robber's ignorance of it, in no way destroys the robber's criminal responsibility for the death.... [T]he robber takes his victim as he finds him.
 People v. Stamp, 82 Cal.Rptr. 598, 603 (Ct.App.1969) (upholding conviction under felony-murder rule where victim suffered heart attack during robbery), cert. denied, 400 U.S. 819 (1970).
 II
 Brown claims the trial court erred by refusing to instruct the jury on the lesser-included offenses of grand theft and involuntary manslaughter as requested. However, in noncapital cases, the " '[f]ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding.' " Woratzeck v. Ricketts, 820 F.2d 1450, 1457 (9th Cir.1987) (quoting James v. Reese, 546 F.2d 325, 327 (9th Cir.1976) (per curiam)), vacated on other grounds, 486 U.S. 1051 (1988); see also Beck v. Alabama, 447 U.S. 625, 638 n. 14 (1980) ("We need not and do not decide whether the Due Process Clause would require the giving of such instructions in a noncapital case."). Therefore, under the law of this circuit, Brown is not entitled to habeas relief based on the trial court's failure to instruct the jury on a lesser-included offense.
 III
 Brown also claims that he was deprived of his due process right to a fair trial because the prosecutor made prejudicial statements during his closing argument designed to appeal to the passions and prejudices of the jury. Brown objected at trial to both of the challenged statements, and the trial court sustained the objections.
 We must examine " 'the entire proceeding[s]' to determine whether the prosecutor's remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). After reviewing the record, we reject Brown's claim.
 "Arguments of counsel generally carry less weight with a jury than do instructions from the court" because the jury is usually told counsels' arguments are not evidence and they are likely to view the arguments as the statements of advocates. Boyde v. California, 494 U.S. 370, 384 (1990). Because prosecutorial misconduct during argument does not have the "same force" as instructions of the court, improper argument can usually be cured by admonitions and instructions. Id. at 384-85.
 Here, the prosecutor's comments were, at most, mildly prejudicial. The trial court sustained defendant's objections to the prosecutor's statements, specifically admonished the jury immediately after the statements were made, and generally instructed the jury both before and after closing arguments that sympathy, sentiment, or prejudice should not play a part in their considerations. In the context of the entire proceedings, the prosecutor's comments did not render the trial fundamentally unfair. Therefore, Brown is not entitled to relief on this ground.
 IV
 Brown argues that his sentence of 25 years to life imprisonment is disproportionate to the degree of his culpability in the death of Rupp in violation of the Eighth Amendment. If Brown received the death penalty for his crime, he would arguably have an Eighth Amendment claim based on his minimal use of force and lack of intent to kill. See Tison v. Arizona, 481 U.S. 137, 156-58 (1987); Enmund v. Florida, 458 U.S. 782, 789 (1982).
 However, the Supreme Court has repeatedly stated that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983) (internal quotations omitted). The Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." United States v. Bland, 961 F.2d 123, 129 (9th Cir.) (internal quotations omitted), cert. denied, 113 S.Ct. 170 (1992).
 We hold that Brown's sentence of 25 years to life was not "grossly disproportionate" to his crime. Brown robbed a 77-year-old woman, presumably because she was an "easy target." He struggled with her purse when she resisted, and the strength of his pull slammed her against the ground. He set in motion a chain of events that eventually caused Rupp's death. Moreover, in dicta discussing Enmund, the Supreme Court has stated that while the death penalty was "excessive for felony murder in the circumstances of that case[,] ... clearly no sentence of imprisonment would be disproportionate for Enmund's crime." Solem, 463 U.S. at 290 n. 15. Justice Kennedy, joined by Justices O'Connor and Souter, has described felony murder without specific intent to kill as "a crime for which 'no sentence of imprisonment would be disproportionate.' " Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 2706 (1991) (Kennedy, J., concurring in part and concurring in the judgment). Accordingly, Brown is not entitled to habeas relief on this claim.
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Brown alleges in his informal brief on appeal that Rupp may have committed suicide by taking an overdose of Elavil. If true, such an act would probably constitute a superceding cause. However, nothing in the record suggests that Rupp committed suicide, and Brown did not develop this theory at trial