94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ora LITTLE, Petitioner-Appellant,
v.
Richard FRANKLIN, Director of Institutions; State of
Alaska, Department of Corrections; Allen
Terreault, Superintendent of Fairbanks
Correctional Center,
Respondents-Appellees.
 No. 95-35441.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Aug. 20, 1996.
 
 Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Little petitioned for federal habeas relief after exhausting his state law remedies following his Alaska convictions for three counts of sexual penetration with an underage girl, one count of sexual contact with an underage girl, and one count of perjury. Little raises numerous claims of constitutional error, none of which has merit. The district court denied relief and we affirm.
 
 I. Equal Protection Challenge
 
 3
 Little first argues that Alaska's statutory scheme for "statutory rape" violates his right to equal protection of the laws. Alaska chooses to differentiate between people who have sex with a minor, but are themselves of an age within three years of that of the minor, and those who have sex with a minor, but are three or more years older than the minor. This distinction serves the legitimate purpose of insulating teenagers who have sex with other teenagers from the prosecution and punishment prescribed for older adults who have sex with teenagers. This rational age-based classification does not violate the equal protection clause of the Fourteenth Amendment.
 
 II. Sufficiency of the Evidence
 
 4
 Little argues that the state's evidence was insufficient to support his convictions for sexual penetration and sexual contact. We have reviewed the testimony of the four minors who testified against Little, and for the reasons stated in the magistrate's report and recommendation, we hold that the evidence was more than sufficient to support Little's convictions.
 
 
 5
 III. Burden of Proof Regarding the "Mistake-of-Age" Defense
 
 
 6
 Little argues that Alaska's "statutory rape" scheme improperly shifts the burden of proof regarding the defendant's knowledge of the minor's age to the defendant. The Alaska court refused to consider this claim, holding that it was waived because Little did not raise a mistake-of-age defense at trial. The Alaska court's decision constitutes an adequate and independent state law ground which bars our review. Coleman v. Thompson, 501 U.S. 722 (1991).
 
 IV. Variance in the Indictment
 
 7
 Little argues that the trial proof varied from the indictment. However, he has identified no difference between the trial proof and the indictment. Rather, he attempts to claim a variance between trial witness testimony and grand jury witness testimony. At most, he identifies only an "insignificant variance." United States v. Olson, 925 F.2d 1170, 1175 (9th Cir.1991). There was no due process violation.
 
 V. Unanimous Verdict
 
 8
 The jury instruction regarding unanimity required the jury to agree unanimously "as to the specific act or incident upon which your verdict is based as to each count." Little claims that the jury instruction was not sufficient to guarantee unanimity because it used the disjunctive "or"--allowing the jury to convict Little merely if the jurors agreed that Little had engaged in a specific type of sexual act regardless of whether they agreed upon the incident. We disagree. The instruction sufficiently ensured a unanimous verdict.
 
 VI. Jury Instruction on Mistake-of-Age
 
 9
 Little argues that the trial judge should have sua sponte offered an instruction regarding the mistake-of-age defense because of the evidence provided at trial. Such an instruction would have been inconsistent with Little's theory of defense. Hence, the judge's failure to instruct sua sponte could not amount to a due process violation. Woratzeck v. Ricketts, 820 F.2d 1450, 1457 (9th Cir.1987), cert. granted and judgment vacated on other grounds, 486 U.S. 1051 (1988).
 
 VII. Ineffective Assistance of Counsel
 
 10
 Little alleges that he received ineffective assistance from trial counsel due to: (1) the failure to present a mistake-of-age defense, or at least to request a mistake-of-age instruction; and (2) lack of proper trial preparation.
 
 
 11
 As for the mistake-of-age defense, in light of Little's claim of factual innocence, the decision not to simultaneously pursue a defense of mistake-of-age was clearly a reasonable tactical choice.
 
 
 12
 As for the claim that trial counsel did not adequately prepare for trial, the only issue worthy of mention is counsel's failure to pursue the Division of Family and Youth Services (DFYS) files for three of the four alleged victims. The decision not to pursue the DFYS files, while perhaps questionable in hindsight, does not amount to ineffective assistance of counsel. Counsel did not have reason to believe the files would aid in defendant's defense, and such files do not contain the type of evidence the value of which is so obvious that the failure to procure it falls below any reasonable level of representation. The defense appears to have been able to impeach some of the victim testimony without the aid of DFYS files, and we have been shown no reason to believe the state withheld any exculpatory evidence by not voluntarily turning over the files.
 
 VIII. Double Jeopardy
 
 13
 Finally, Little argues that his subsequent prosecution for perjury during the first trial violated double jeopardy. His double jeopardy claim is precluded by United States v. Williams, 341 U.S. 58 (1951) (holding that perjurious testimony during a criminal trial constituted a separate offense from the original crime for purposes of double jeopardy).
 
 
 14
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3