

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-767 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:21-cr-00355-DWL-1 |
| MICK J. CAREAGA, AKA Mick Careaga, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic W. Lanza, District Judge, Presiding

Argued and Submitted September 9, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,** District Judge.

Defendant-Appellant Mick J. Careaga ("Careaga") was indicted for his

involvement in the shooting death of his cousin and an ensuing armed altercation with

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

their friend.  Pertinent here, the jury returned the following verdict: (1) on Count 1 of the indictment, not guilty of first-degree murder, but guilty of the lesser-included offense of involuntary manslaughter; (2) on Count 3, guilty of assault with a dangerous weapon, but not guilty of the lesser-included offense of simple assault; and (3) on Count 4, guilty of brandishing a firearm during and in relation to a crime of violence.  Before Careaga was sentenced, his successor counsel filed motions to dismiss his convictions on these counts, which the district court denied.  Careaga appeals the district court's determination that he was not entitled to vacatur of these convictions.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the pertinent facts and procedural history of this case, we do not recount either in detail.

1.  The district court did not err in determining that Careaga was not entitled to relief from his convictions on Counts 3 and 4.  The Supreme Court of the United States and the Ninth Circuit have uniformly held that inconsistency between verdicts returned on different counts in an indictment is not grounds for relief from a guilty verdict. *See Dunn v. United States*, 284 U.S. 390, 393 (1932); *United States v. Powell*, 469 U.S. 57, 64-65 (1984); *United States v. Hart*, 963 F.2d 1278, 1281-82 (9th Cir. 1992).  This court has never addressed the issue of inconsistent verdicts within the same count, but it follows from these cases and their progeny that this inconsistency

likewise is not grounds for relief. When guilty and not guilty verdicts are seemingly inconsistent, "[t]hat the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." *Dunn*, 284 U.S. at 394.

The instant case is not meaningfully different from *Powell*, in which the Court refused to vacate a conviction on the grounds that the defendant's acquittal of a predicate offense in one count could not "rationally be reconciled" with her conviction of the compound offense in another count. *Powell*, 469 U.S. at 69. The Court reasoned that "an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." *Id.* at 66. Here, the fact that two inconsistent verdicts appear in the same count does not change the analysis.

2. The district court did not err in holding that Careaga was not entitled to relief from his conviction on Count 1.

The district court correctly concluded that a defendant does not have a constitutional right to be consulted about whether a jury instruction on a lesser-included offense should be requested or given. This court has frequently treated the decision to request a jury instruction on a lesser-included offense as a strategic or tactical choice that defense counsel has wide latitude to make, without necessarily

consulting the defendant.  *See, e.g.*, *Woratzeck v. Ricketts*, 820 F.2d 1450, 1455 (9th Cir. 1987), *vacated on other grounds*, 486 U.S. 1051 (1988); *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984).  There is no requirement that the trial judge consult a defendant to ensure that he has personally consented to a lesser-included offense instruction.  *See United States v. Sherman*, 821 F.2d 1337, 1339 (9th Cir. 1987).

3.  The district court did not abuse its discretion in determining that there was sufficient evidence to support giving a jury instruction on the lesser-included offense of involuntary manslaughter.  "[A] defendant is entitled to a lesser included offense instruction if the evidence would allow a rational jury to convict him of the lesser offense and acquit him of the greater." *United States v. Hernandez*, 476 F.3d 791, 800 (9th Cir. 2007) (citation omitted).  And with respect to an involuntary manslaughter instruction, this court has held that, "[e]ven when the evidence is conflicting, if any construction of the evidence and testimony would rationally support a jury's conclusion that the killing was unintentional or accidental, an involuntary manslaughter instruction must be given." *United States v. Anderson*, 201 F.3d 1145, 1150 (9th Cir. 2000).  The district court recited and applied the correct legal standard for giving a lesser-included offense instruction.  And it reasonably determined that, although the evidence in the record was conflicting, there was a construction of the

evidence that would rationally support a jury finding that the killing was unintentional or accidental.

4. Reviewing the issue de novo, we conclude that Careaga's ineffective assistance of counsel claim is premature. Rather than being raised on appeal, "[s]uch claims normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) (internal quotation marks omitted). The record on appeal contains no evidence of any consultation or disagreement between Careaga and trial counsel on the issue of the lesser-included offense instruction for Count 1, and Careaga's trial counsel's legal representation was not so egregiously inadequate that it obviously violates the Sixth Amendment right to counsel, such that we should review this claim directly. *See id.*

**AFFIRMED**.